**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

COLLINS HOLDING CORPORATION,
Plaintiff-Appellant,

v.

No. 98-2366

JASPER COUNTY, a political
subdivision of South Carolina,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Dennis W. Shedd, District Judge;
Julian Abele Cook, Jr., Senior District Judge, sitting by designation.
(CA-94-2719-9-19)

Argued: April 7, 1999

Decided: June 7, 1999

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Marion Earle, HUNTER, MACLEAN, EXLEY
& DUNN, P.C., Savannah, Georgia, for Appellant. David Scott
Mathews, JASPER COUNTY ATTORNEY'S OFFICE, Ridgeland,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The district court held on remand that the assessment imposed by the Jasper County, South Carolina, Business License Ordinance was a tax, not a fee. The court therefore concluded that the Tax Injunction Act, 28 U.S.C. § 1341 (1994), barred it from entertaining Collins Holding Corporation's action to challenge the ordinance. We affirm.

I.

In 1993 Jasper County, South Carolina, enacted a Business License Ordinance. The ordinance requires most businesses in unincorporated areas of the county to obtain a business license each year. The cost of the license is based on a percentage of the business's gross income for the past year. Businesses are classified and assessment rates vary among the classifications.

Collins leases video poker machines to retail establishments in South Carolina. Collins contends that the rate applied by the Jasper County ordinance to "Video Poker Arcades, Distributors and Lessors" is excessive and illegal. In 1994 Collins sued the county in federal court, alleging that the ordinance (or assessment) violated the Equal Protection Clause of the United States Constitution and South Carolina law. The district court ruled for Collins, concluding the ordinance imposed a license fee on Collins's business in excess of that allowed by South Carolina law. Jasper County appealed.

In the first appeal we concluded that it was necessary to decide whether the Tax Injunction Act bars Collins's action. The Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. We did not decide the Tax Injunction Act

2

issue. Instead, we remanded for the district court to develop a record and to decide that issue in the first instance. See Collins Holding Corp. v. Jasper County, South Carolina, 123 F.3d 797 (4th Cir. 1997). The district court concluded on remand that the business license assessment was a tax and dismissed the case for lack of jurisdiction. This time, Collins appeals.

II.

On remand Collins did not dispute that South Carolina provided a "plain, speedy and efficient remedy." It only argued that the Jasper County assessment was a "fee," not a "tax," and was therefore not subject to the Tax Injunction Act.

In our first opinion we observed that the case law"make[s] a general distinction between broader-based taxes that sustain the essential flow of revenue to state (or local) government and fees that are connected to some regulatory scheme." 123 F.3d at 800. We noted, however, that "the line between `tax' and `fee' can be a blurry one." Id. We therefore offered the district court some guidance:

> It is useful to begin with a look at who imposes, administers, and collects the assessment. An assessment imposed directly by a legislature is more likely to be a tax than one imposed by an administrative agency. If responsibility for administering and collecting the assessment lies with the general tax assessor, it is more likely to be a tax; if this responsibility lies with a regulatory agency, it is more likely to be a fee. But the heart of the inquiry centers on function, requiring an analysis of the purpose and ultimate use of the assessment. If the revenue is paid into the state's (or county's) general fund and provides a general benefit to the public, it sounds like a tax. If, on the other hand, the assessment covers only a narrow class of persons and is paid into a special fund to benefit regulated entities or defray the cost of regulation, it sounds like a fee.

Id. (citations omitted).

3

On remand the district court applied these guidelines in analyzing the nature of the Jasper County business license assessment. The court concluded that the following factors indicated that the assessment is a tax: (1) the ordinance that levied the assessment was enacted by the county legislative body, the County Council, (2) a stated purpose of the assessment is to raise revenue for the county's general fund, (3) most of the assessments collected have been spent for the general benefit of the county (specifically, for the development of an industrial and business park),* and (4) the assessment is not levied in connection with a regulatory scheme; instead, it is essentially a tax on gross income.

The district court acknowledged that the following factors indicate that the assessment is a fee: (1) the assessment is collected by a business license coordinator, not the county treasurer, and (2) the assessments are deposited in a segregated escrow account. This second factor is negated by the fact that revenue projections for business license assessments are included in the county's general fund budget and that assessment revenues may be used for general purposes.

The district court concluded that on balance "the assessment by Jasper County is more in the nature of a tax than a fee." As a result, the district court dismissed the action (without prejudice) for lack of subject matter jurisdiction because of the Tax Injunction Act.

We believe that the district court weighed all of the factors properly, and we agree with its conclusion that the Jasper County business license assessment is a tax and not a fee. We therefore affirm on the reasoning of the district court. See Collins Holding Corporation v. Jasper County, South Carolina, No. 9:94-2719-19 (D. S.C. Aug. 11, 1998).

AFFIRMED
_____

*A portion of the collections were used to buy a vehicle for the county's business license coordinator. However, the coordinator's salary and expenses (except for the purchase price of the vehicle) are paid from the general fund.

4